JOHN FITZPATRICK ET AL. *v.* HALL-BROOKE
FOUNDATION, INC.
(AC 19807)

Mihalakos, Dranginis and Flynn, Js.

Argued February 27—officially released October 1, 2002

*Robert F. Kappes*, for the appellant (defendant).

*Thomas J. Weihing*, with whom, on the brief, were *Laurence V. Parnoff* and *John T. Bochanis*, for the appellees (plaintiff Jennie Fitzpatrick et al.).

*Opinion*

DRANGINIS, J. The defendant, Hall-Brooke Foundation, Inc., appeals from the judgment of the trial court granting the plaintiff Jennie Fitzpatrick[1] a new trial pursuant to General Statutes § 52-270.[2] On appeal, the

---

[1] The original plaintiffs were John Fitzpatrick and Jennie Fitzpatrick. During the pendency of the case, John Fitzpatrick died, and Jennie Fitzpatrick, as the administratrix of his estate, was substituted as a plaintiff, making her a party in her individual and representative capacities. For clarity, we refer in this opinion to Jennie Fitzpatrick as the plaintiff.

[2] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action."

defendant claims that the court improperly granted the plaintiff's motion for a new trial because (1) it did not have jurisdiction to do so and (2) § 52-270 does not apply in this case. We reverse the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of the defendant's appeal. The present case arises from a collection action brought by the defendant against the plaintiff to recover costs for services rendered at the defendant's health care facility. The plaintiff claimed the matter to the jury. The plaintiff filed a motion for a continuance of the trial date on December 20, 1993, which was not acted on by the court. An arbitration hearing was scheduled for January 7, 1994, pursuant to General Statutes §§ 52-549n through 52-549aa. On that date, however, the plaintiff and her counsel failed to appear.[3] The defendant's witnesses also failed to appear due to a severe snowstorm that morning. The defendant's counsel, however, was present and filed a motion for a default judgment. The court noted that the plaintiff's motion for a continuance was outstanding, but agreed with the defendant that the claimed reason for the continuance, to take a deposition, did not warrant a continuance, and granted the defendant's motion for a default on the basis of the plaintiff's failure to appear. The defendant was not prepared to proceed to a hearing in damages that day and requested that it be able to file an affidavit of debt on January 10, 1994. The court agreed. On January 11, 1994, the defendant filed its affidavit of debt and, the same day, the clerk issued notice that the plaintiff was defaulted for failure to appear at the arbitration hearing and informed the plaintiff that "after a hearing in dam-

---

[3] Although the plaintiff claims she was unable to appear at the hearing, the record reveals that the plaintiff and her counsel failed to appear due to a mistake in counsel's personal calendaring.

ages," judgment had entered in the amount of
$14,045.20.

The plaintiff filed a motion to set aside the judgment,
which the court denied. She filed her appeal on March
31, 1994, which this court dismissed as untimely. The
plaintiff petitioned the Supreme Court for certification
to appeal, which also was denied. *Hal-Brook Hospital*
v. *Fitzpatrick*, 230 Conn. 901, 644 A.2d 916 (1994). The
plaintiff thereafter petitioned for a new trial, which the
trial court granted. This appeal followed.

I

The defendant first claims that the court's judgment
granting the plaintiff's petition for a new trial is voidable
pursuant to General Statutes § 51-183b.[4] Specifically, it
argues that the court's order is voidable because the
judgment was rendered more than 120 days after briefs
were due and it did not waive the jurisdictional defect.
We disagree.

The following additional facts are necessary for our
resolution of the defendant's claim. The plaintiff peti-
tioned for a new trial by complaint filed July 29, 1994.
On May 18, 1999, the court, although inclined to grant
the plaintiff a new trial, ordered the parties to submit
their positions on whether the judgment lien that the
defendant had filed against the plaintiff's real property
should be released immediately on the granting of a
new trial. The plaintiff submitted her position on May
28, 1999. The defendant was to submit its position by
June 8. By motion dated June 4, 1999, the defendant
instead sought the revocation of the referral of the

---

[4] General Statutes § 51-183b provides: "Any judge of the Superior Court
and any judge trial referee who has the power to render judgment, who has
commenced the trial of any civil cause, shall have power to continue such
trial and shall render judgment not later than one hundred and twenty days
from the completion date of the trial of such civil cause. The parties may
waive the provisions of this section."

petition for new trial to Judge Nadeau pursuant to General Statutes § 51-183c. The court denied the motion and granted the plaintiff a new trial by order dated July 9, 1999.

"Section 51-183b applies to all civil causes, and unless the parties waive its provisions, a trial court must render its decision within 120 days of the completion of the trial, which ends with the filing of the briefs when requested. . . . In determining that 'the completion date' includes the filing of briefs, the trial court held that briefing of the legal issues was a component of the judicial gathering of the materials necessary to a well-reasoned decision. In related contexts, 'completion' has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision." (Citations omitted; internal quotation marks omitted.) *Northeast Savings, F.A.* v. *Scherban*, 47 Conn. App. 225, 231, 702 A.2d 659 (1997), cert. denied, 244 Conn. 907, 714 A.2d 2 (1998).

We conclude that the court's order that the parties submit their positions on the release of the judgment lien constituted a request for briefs which, when filed, would begin the 120 day period. The plaintiff filed its position on May 28, 1999, and the court issued its order granting the motion for a new trial on July 9, 1999, well within the 120 day requirement of § 51-183b. Accordingly, the court's judgment was not voidable for lack of jurisdiction.

II

The defendant next claims that the court improperly granted a new trial because none of the requirements of § 52-270 have been met. Specifically, it argues that the plaintiff should not be granted a new trial because she had the opportunity to appeal and, in fact, did appeal

from the default judgment, although in an untimely manner.[5] We agree.

Our standard of review of a court's decision with respect to a petition for a new trial is the abuse of discretion standard. *Shabazz* v. *State*, 259 Conn. 811, 820, 792 A.2d 797 (2002). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Channer* v. *State*, 54 Conn. App. 620, 628–29, 738 A.2d 202, cert. denied, 251 Conn. 910, 739 A.2d 1247 (1999). "[T]he proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed . . . ." (Internal quotation marks omitted.) *Rizzo* v. *Pack*, 15 Conn. App. 312, 315, 544 A.2d 252 (1988).

"A petition will never be granted except upon substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted. . . . In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation. . . .

"Although General Statutes § 52-270 permits the court to grant a new trial upon proof of 'reasonable cause,' the circumstances in which reasonable cause

---

[5] The defendant also claims that the plaintiff should not have been granted a new trial because she did not demonstrate or even allege due diligence, she had actual notice of the default judgment and she had a reasonable opportunity to appear. Because we conclude that the plaintiff failed timely to appeal, we do not reach those issues.

may be found are limited. . . . The basic test of 'reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. . . . A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident. . . . Absent such special circumstances, [a] petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal." (Citations omitted; internal quotation marks omitted.) *Bleidner* v. *Searles*, 19 Conn. App. 76, 78–79, 561 A.2d 954 (1989). "Due diligence is a necessary condition to success in prosecuting a petition for a new trial. . . . Under § 52-270 the exercise of due diligence is a condition precedent to a finding of reasonable cause." (Citation omitted; internal quotation marks omitted.) *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 724, 757 A.2d 1215 (2000).

In this case, the court concluded that the plaintiff, under an apparent mistaken belief that an arbitrator had proceeded with the hearing and issued a decision, timely filed a motion to set aside the judgment within the four month time period set forth in Practice Book § 23-65.[6] The court reasoned that the plaintiff, having

---

[6] Practice Book § 23-65 (a) provides in relevant part: "Where a party fails to appear at the [arbitration] hearing, the arbitrator shall nonetheless proceed with the hearing and shall render a decision, which shall be rendered as a judgment by the court. *Such judgment may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent.* . . ." (Emphasis added.)

Both parties disagree as to whether the case ever was before an arbitrator. The court file reveals that the case was scheduled to be heard on January 7, 1994, with other cases "[that] have all been identified as being *eligible* for reference to arbitrators . . . ." (Emphasis added.) On January 7, the court, *Vertefeuille, J.*, presided over the case, and on January 11, the clerk issued notice that the plaintiff had been defaulted for failure to appear. We conclude that although this case was identified as being eligible to be assigned to an arbitrator, it was not so assigned because of the defendant's failure to appear on January 7.

received only notice of a judgment against her, mistakenly thought that a trial de novo was the next procedural step. The court concluded that the plaintiff's failure to file an appeal from the judgment was understandable due to an apparent conflict between Practice Book 63-1 (a),[7] which requires the plaintiff to file her appeal within twenty days of notice of the judgment, and Practice Book § 23-65, which gives a party four months within which to file a motion to set aside an arbitrator's decision. Because the plaintiff had the usual remedy of appeal, but failed to file a timely appeal, we must determine whether the court properly concluded that mistake prevented the plaintiff from timely pursuing her appeal.

Practice Book § 63-1 requires a party to file an appeal within twenty days of the date of notice of a judgment. Pursuant to Practice Book § 63-1 (c), a motion to set aside a judgment will start a new appeal period on the day that notice of the ruling is given on the motion. The plaintiff, however, failed to file either her appeal or the motion to set aside the judgment within the original twenty day appeal period. Section 63-1 (a) clearly provides that "[i]f a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, *which continues to run*, or in the new appeal period. . . ." (Emphasis added.) Section 23-65 gives a party four months to file a motion to set aside a judgment. If a motion to set aside the judgment is filed beyond twenty days from the notice of judgment and is denied, the party may appeal only from the court's decision on the motion, not from the underlying judgment. To preserve one's right to appeal from the underlying judgment, a

[7] Practice Book 63-1 (a) provides in relevant part: "[A]n appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

party must file the motion to set aside the judgment within the twenty day period pursuant to Practice Book § 63-1. Regardless of whether the case was sent to an arbitrator invoking Practice Book § 23-65, the plaintiff was not relieved of her duty to comply with the requirements of Practice Book § 63-1.

We therefore are not persuaded that the untimely appeal in this case is the kind of "mistake" that warrants a new trial. Accordingly, we conclude that this case does not present a situation in which a litigant has been deprived of a fair opportunity to have her case heard on appeal so as to constitute "reasonable cause" or any other ground entitling her to a new trial pursuant to § 52-270.

The judgment is reversed and the case is remanded with direction to deny the petition for a new trial.

In this opinion the other judges concurred.