# KAREN A. MURPHY ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.
## (AC 24231)

Foti, Bishop and McLachlan, Js.

Argued September 10—officially released November 23, 2004

*Karen A. Murphy*, pro se, and *Kathleen A. Murphy*, pro se, the appellants (plaintiffs).

*John W. Mullin*, assistant corporation counsel, for the appellees (defendants).

### Opinion

FOTI, J. The pro se plaintiffs, Karen A. Murphy and Kathleen A. Murphy, appeal from the judgment of the trial court dismissing their petition for a new trial. The court rendered summary judgment in favor of the defendants, the zoning board of appeals of the city of Stamford (board) and Stamford zoning enforcement officer, James J. Lunney III. On appeal, the plaintiffs claim that the court improperly rejected their claim that a new trial was warranted on the basis of (1) their procedural mistake in failing to seek certification to appeal from the underlying action, (2) the allegedly improper conduct of the defendants' counsel and (3) the allegedly improper conduct of the trial judge. We affirm the judgment of the trial court.

The record discloses the following undisputed facts and procedural history. In 2000, the plaintiffs, the owners of residential property in Stamford, applied for a zoning permit to construct a residential dwelling on their property. Lunney refused to issue the permit unless the plaintiffs obtained variances. The plaintiffs then appealed to the board, which upheld Lunney's decision. The plaintiffs appealed from the board's decision to the Superior Court. The plaintiffs also applied to the board for variances. The board granted the application for variances but imposed certain conditions, related to the use of other structures already existing on the subject property, on the granting of the variances. The plaintiffs filed a separate appeal in the Superior Court challenging the conditions. On July 11, 2001, the court, *Hon. William B. Lewis*, judge trial referee, issued a memorandum of decision upholding the decision requiring variances and the reasonableness of the conditions the board attached to the variances. Accordingly, the court dismissed both of the plaintiffs' appeals.

On July 23, 2001, the plaintiffs filed a direct appeal[1] to this court from the trial court's July 11, 2001 dismissal of their zoning appeals. On July 31, 2001, the plaintiffs filed a notice[2] with the appellate clerk indicating that the trial court's July 11, 2001 memorandum of decision was not in compliance with Practice Book § 64-1 (a). The clerk forwarded the notice to the trial court. On

---

[1] On their appeal form, the plaintiffs indicated that they were appealing from the "[j]udgment dated 7/11/2001" dismissing their appeal. In the space provided on the appeal form in which to indicate the "DATE CERTIFICATION GRANTED" in zoning appeals, the plaintiffs typed the date of the court's judgment, "7/11/2001."

[2] The notice that the plaintiffs filed with the appellate clerk, entitled "NOTICE (Pursuant to Practice Book (2001 Edition) § 64-1)" stated in relevant part: "The Honorable William B. Lewis' memorandum of decision, dated July 11, 2001, in the matter of Karen and Kathleen Murphy . . . against the Zoning Board of Appeals of the City of Stamford and James J. Lunney III does not appear to have been filed in compliance with Practice Book (2001 Edition) § 64-1, paragraph (a)."

August 1, 2001, the defendants filed with this court a motion to dismiss the appeal on the ground that the plaintiffs had failed to obtain certification to appeal in accordance with the provisions of General Statutes § 8-8 (o) and Practice Book § 81-1. On August 8, 2001, the plaintiffs filed an objection to the defendants' motion to dismiss.[3] On August 9, 2001, Judge Lewis responded to the plaintiffs' notice under Practice Book § 64-1 by identifying his decision in the court file by reference to its document number within the file. On September 20, 2001, this court granted the defendants' motion to dismiss the appeal. On September 28, 2001, the plaintiffs filed a motion for reconsideration en banc by this court. On October 24, 2001, this court denied the motion for reconsideration en banc. On November 7, 2001, the plaintiffs petitioned our Supreme Court for certification to appeal from this court's ruling. On December 4, 2001, our Supreme Court denied the petition. *Murphy* v. *Zoning Board of Appeals*, 258 Conn. 948, 788 A.2d 97 (2001).

On January 3, 2002, the plaintiffs filed a petition for a new trial in the Superior Court. The plaintiffs based their petition on the "reasonable cause" provision of General Statutes § 52-270. Generally, they argued that in his July 11, 2001 memorandum of decision dismissing their zoning appeals, Judge Lewis failed to address several material issues related to their appeals. Further, the plaintiffs asserted that they were "denied a fair opportunity to have their case heard on appeal, the result of an apparent procedural mistake, even though [they had] clearly exercised due diligence."[4]

_____

[3] The plaintiffs attached a document captioned "PETITION FOR CERTIFI-CATION-SUBJECT TO AMENDMENT" as "EXHIBIT A" to their objection to the defendants' motion to dismiss. The filing of that document, which purported to petition this court for certification to appeal, did not comply with the requirements of Practice Book §§ 81-1 and 81-2. The record reflects that this court took no action with regard to that exhibit to the plaintiffs' objection to the motion to dismiss.

[4] On January 4, 2002, the plaintiffs, citing instances of what they deemed "inappropriate judicial conduct" by Judge Lewis during the prior proceeding and during an unrelated zoning appeal brought against the plaintiffs, filed

On October 30, 2002, the defendants filed a motion for summary judgment. On November 1, 2002, the plaintiffs filed a motion for summary judgment. On February 5, 2003, the court, *Adams, J.*, granted the defendants' motion for summary judgment and dismissed the plaintiffs' petition for a new trial. On February 11, 2003, the plaintiffs filed a pleading captioned, "Motion for New Trial," which the court treated as a motion for reconsideration of its February 5, 2003 memorandum of decision.[5] The court denied this motion on April 15, 2003, and later filed a memorandum of decision in regard to its ruling. The plaintiffs subsequently filed the present appeal from the court's February 5, 2003 dismissal of their petition for a new trial.

Before turning to the claims raised on appeal, we first set forth our standard of review. Here, the parties agreed that no genuine issues of material fact precluded the court from reaching the merits of the petition by way of summary judgment. The parties filed cross motions for summary judgment. To the extent that the court's denial of the petition was based on its interpretation of our rules of practice, we afford those conclusions plenary review. See *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 665–66, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004). With regard to whether, on the basis of proper subordinate legal conclusions, the court properly denied the petition for a new trial, however, the case distills to an issue of whether the court properly exercised its discretionary authority.

a motion seeking to disqualify Judge Lewis from presiding over proceedings related to their petition for a new trial. Judge Lewis denied the motion, but did not preside over proceedings related to the petition.

[5] On February 11, 2003, the plaintiffs, citing instances of what they deemed "inappropriate judicial conduct" by Judge Adams with regard to his factual findings and legal conclusions set out in his memorandum of decision, also filed a motion seeking to disqualify Judge Adams from presiding over their motion for a new trial. Judge Adams denied the motion on April 15, 2003, and later filed a memorandum of decision in regard to his ruling.

The plaintiffs based their petition on the "reasonable cause" provision of General Statutes § 52-270.[6] "Our standard of review of a court's decision with respect to a petition for a new trial is the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . . [T]he proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed . . . . A petition will never be granted except upon substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted. . . . In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation. . . .

"Although General Statutes § 52-270 permits the court to grant a new trial upon proof of reasonable cause, the circumstances in which reasonable cause may be found are limited. . . . The basic test of reasonable cause is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. . . . A new trial may be granted to prevent injustice in cases where the usual

___

[6] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. . . ."

remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident. . . . Absent such special circumstances, [a] petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal. . . . Due diligence is a necessary condition to success in prosecuting a petition for a new trial. . . . Under § 52-270 the exercise of due diligence is a condition precedent to a finding of reasonable cause." (Citations omitted; internal quotation marks omitted.) *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, 72 Conn. App. 692, 697–98, 807 A.2d 480, cert. denied, 262 Conn. 914, 811 A.2d 1291 (2002).

I

The plaintiffs first claim that the court improperly denied their petition for a new trial on the basis of their procedural mistake in failing to seek certification to appeal from Judge Lewis' dismissal of their zoning appeals. Essentially, the plaintiffs claim that the court improperly concluded that their mistaken interpretation of the rules of practice, which led to their failure to file a petition for certification to appeal, did not entitle them to a new trial under the "reasonable cause" provision of § 52-270. We disagree.

In determining whether the plaintiffs had been deprived of a fair opportunity to have their case heard on appeal and were therefore entitled to relief under § 52-270, the court discussed the procedural circumstances that surrounded this court's dismissal of the plaintiffs' first appeal. The court aptly summarized the plaintiffs' justification for failing to file a petition for certification to appeal. The plaintiffs argued that they acted diligently in pursuing their appellate rights and that they were hampered by the fact that Judge Lewis had failed to address nine material issues in his memorandum of decision, issues that they deemed to be "fun-

damental" to their zoning appeals. The plaintiffs filed a direct appeal from Judge Lewis' July 11, 2001 memorandum of decision dismissing their zoning appeals, but nonetheless posited that the notice that they filed under Practice Book § 64-1 (a) extended the time period in which they could file a petition for certification to appeal from Judge Lewis' dismissal of their zoning appeals. They argued that the time in which to file such petition was extended until twenty days from the issuance of notice of the court's response to their notice.

The court concluded that there were "several errors and misconceptions in this position." First, the court noted that the plaintiffs' notice was based on Practice Book § 64-1 (b), which is applicable only when a trial judge fails to issue any memorandum of decision. The court observed that in this case, Judge Lewis had issued a memorandum of decision on July 11, 2001, and that such decision appeared in the court file. The court noted that the plaintiffs had confused a motion filed under Practice Book § 64-1 with a motion for articulation filed under Practice Book § 66-5. Second, the court concluded that the plaintiffs incorrectly believed that their notice under Practice Book § 64-1 was of such a nature as to extend the time in which to file a petition for certification to appeal. Finally, the court noted that the plaintiffs' arguments with regard to their entitlement to an extension of time in which to seek this court's certification to appeal from Judge Lewis' July 11, 2001 decision were contradicted by the fact that the plaintiffs had, in fact, filed a direct appeal from that decision on July 23, 2001.

The court concluded that the plaintiffs had an opportunity to petition this court for certification to appeal and that they lost their opportunity to have their case heard on appeal solely "because of their error in failing to timely file the required petition for certification for

review mandated" by the rules of practice. Citing this court's holding in *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 72 Conn. App. 692, the trial court concluded that the plaintiffs' failure to pursue their appellate rights in a timely manner did not entitle them to a new trial. The court stated that it found "no reason in equity or good conscience to support a new trial."

General Statutes § 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the Superior Court and, upon certification for review, to the Appellate Court in the manner provided in section 8-8." General Statutes § 8-8 (o), applicable to judgments in zoning appeals rendered by the Superior Court, provides: "There shall be no right to further review except to the Appellate Court by certification for review, on the vote of two judges of the Appellate Court so to certify and under such other rules as the judges of the Appellate Court establish. The procedure on appeal to the Appellate Court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the Superior Court unless modified by rule of the judges of the Appellate Court." This court's grant of certification in a zoning matter is considered "extraordinary relief," granted only in limited circumstances. *Christensen* v. *Zoning Board of Appeals*, 78 Conn. App. 378, 385, 827 A.2d 716 (2003).

Practice Book § 81-1 (a) provides in relevant part: "A petition for certification in accordance with chapters 124 and 440 of the General Statutes shall be filed by the party aggrieved by the decision of the trial court in the trial court within twenty days from the issuance of notice of the decision of the trial court. If within this period a timely motion is filed which, if granted, would render the trial court judgment ineffective, as, for example, a motion for a new trial, then the twenty days shall run from the issuance of notice of the decision thereon.

. . ." Practice Book § 81-2 sets forth requirements regarding the form of a petition for certification.

The plaintiffs did not seek certification to appeal because of what they describe as a mistake in interpreting the rules of practice and claim that this mistake warrants relief under General Statutes § 52-270. *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 72 Conn. App. 692, is directly on point. The plaintiff in *Fitzpatrick* filed a petition for a new trial under § 52-270 after this court dismissed as untimely her appeal from an underlying collection action. Id., 695. The trial court granted the plaintiff's petition for a new trial after concluding that the plaintiff had made a reasonable mistake in applying the rules of practice and that such mistake caused her to file an untimely appeal. Id., 699.

The defendant appealed from the trial court's decision granting the petition for a new trial. Id., 693–94. Having reviewed the plaintiff's misunderstanding of the rules of practice, this court noted that the plaintiff's mistaken application of the rules did not relieve her of her duty to file a timely appeal under Practice Book § 63-1. *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 72 Conn. App. 700. Further, this court stated that it was "not persuaded that the untimely appeal in this case is the kind of 'mistake' that warrants a new trial." Id. This court held that the trial court had abused its discretion when it granted the petition for a new trial and reversed the judgment because the case did "not present a situation in which a litigant has been deprived of a fair opportunity to have her case heard on appeal so as to constitute 'reasonable cause' or any other ground entitling her to a new trial pursuant to [General Statutes] § 52-270." *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 700.

*Fitzpatrick*'s holding is that mistakes in following the rules of appellate procedure do not entitle a party

to relief under General Statutes § 52-270. That holding, which arose in a case in which a plaintiff's mistake implicated her right of *direct* appeal, applies with even more weight in the present case, in which the plaintiffs had only the *right to petition* this court for certification to appeal. Further, in *Fitzpatrick*, the trial court found that the plaintiff's mistake, her failure to file an appeal in a timely manner, was "understandable" in light of an "apparent conflict" between certain rules of practice. *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 72 Conn. App. 699. In the present case, the court looked with disfavor on the plaintiffs' claimed "mistake," and it did not find that the mistake was understandable or reasonable. On the basis of our holding in *Fitzpatrick*, we conclude that this case does not present a situation in which the plaintiffs have been deprived of a fair opportunity to have their case heard on appeal so as to entitle them to relief under § 52-270.[7] Accordingly, we conclude that the court properly determined that the plaintiffs were not entitled to a new trial and properly granted the defendants' motion for summary judgment.

We will also address the plaintiffs' claim that because Judge Lewis' memorandum of decision was incomplete in several material respects, they were essentially precluded from petitioning this court for certification to appeal and that they were entitled to a new trial on that ground. Stated otherwise, the plaintiffs claim that Judge Lewis left them without the recourse of appealing from his decision. The court properly rejected that argu-

---

[7] The plaintiffs' pro se status does not affect our analysis. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 257 n.9, 849 A.2d 886 (2004).

ment because the plaintiffs had the procedural means to petition for the right to appeal and to obtain a full statement of the facts and legal basis of the issues related to their appeal.

The plaintiffs filed a notice under Practice Book § 64-1, which, by its terms, applies in circumstances in which the trial court has failed to file a memorandum of decision, not in circumstances in which a party is dissatisfied with the content of a memorandum of decision. Practice Book § 64-1 (b) unambiguously affords an appellant the right to file a notice with the appellate clerk "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision" in a case for which the judge is obligated to do so under Practice Book § 64-1 (a). The rule further provides in relevant part that "[t]he notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. . . ." Practice Book § 64-1 (b).

By means of their subsequent memoranda to the trial court and in their brief to this court, the plaintiffs later argued that they filed the notice to compel Judge Lewis to address issues that he overlooked in its memorandum of decision.[8] We agree with the trial court that the plain-

---

[8] In so arguing, the plaintiffs rely heavily on *Lauer* v. *Zoning Commission*, 246 Conn. 251, 716 A.2d 840 (1998). That reliance is wholly misplaced. In *Lauer*, our Supreme Court held that an order that resolved a zoning dispute constituted an appealable final judgment for purposes of General Statutes § 51-183b despite the fact that at the time that the trial court issued the order, the trial court had not issued a memorandum of decision encompassing the factual and legal basis of its ruling. *Lauer* v. *Zoning Commission*, supra, 255. Our Supreme Court discussed the consequences of that holding and noted that it did not adversely affect an aggrieved party's right to appeal because our rules of practice contain safeguards to protect appellants in situations in which a memorandum of decision does not accompany an order that constitutes a judgment. Id., 258. The court stated: "For example, an appellant may file a motion for an extension of time to appeal . . . a motion for articulation or for rectification . . . or a motion to compel the trial court to file a memorandum of decision pursuant to . . . Practice Book (1998 Rev.) § 64-1." *Lauer* v. *Zoning Commission*, supra, 258–59. There is

tiffs improperly relied on a notice filed under Practice Book § 64-1 to obtain articulation with regard to issues that, as they argue, the court overlooked in its decision.[9] The proper procedure by which an appellant may ask the trial court to provide the factual and legal basis for a ruling, or to address a matter that it has overlooked in its decision, is to file a motion for articulation. See Practice Book § 66-5. A motion seeking articulation is appropriate in cases in which "the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . [and it is the proper procedural vehicle] to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Wallenta* v. *Moscowitz*, 81 Conn. App. 213, 230, 839 A.2d 641, cert. denied, 268 Conn. 909, 845 A.2d 414 (2004).

Our rules of practice permit the plaintiffs to seek certification to appeal *and* to seek articulation of the court's decision by means of a proper motion filed under Practice Book § 66-5. There is no rule of practice that precludes appellants from either seeking certification to appeal or, where appropriate, from filing a direct appeal from a memorandum of decision that they per-

nothing in this statement of the law, on which the plaintiffs rely, that supports the plaintiffs' case. The fact that an appellant has the right to file a motion to compel the trial court to issue a memorandum of decision *in a case in which no memorandum of decision has been issued* is not in dispute. As the court in *Lauer* noted, that right coexists with other rights available to appellants, such as the right to seek articulation.

[9] The plaintiffs also argue that the court improperly found that they had filed their notice under Practice Book § 64-1 on July 31, 2001, after they had already filed their direct appeal on July 23, 2001. The plaintiffs argue that the court "is in error on this material point" because they filed the notice at the time that they filed their appeal with the Superior Court clerk on July 23, 2001. Although the notice is stamped as having been filed on July 31, 2001, in the office of the Appellate Court clerk, we deem that issue to be of no consequence. The basis of the trial court's ruling rests on its conclusion that the plaintiffs misinterpreted our rules of practice by filing a direct appeal without obtaining this court's certification to appeal and that such failure precluded them from obtaining relief under General Statutes § 52-270.

ceive to be inadequate. To the contrary, our rules of practice contain sufficient safeguards to protect the rights of appellants as they relate to obtaining a sufficient record on which to base an appeal. *Lauer* v. *Zoning Commission*, 246 Conn. 251, 258–59, 716 A.2d 840 (1998). The motion for articulation gives effect to one of those rights. Further, an appellant may ask this court to exercise its authority to review the trial court's action with regard to motions for articulation. If this court determines that an articulation is necessary or that further articulation is necessary, as the case may be, to afford it an adequate record on which to review the issues raised on appeal, it has the authority to compel the trial court to articulate its decision. See Practice Book § 66-7. We conclude that insofar as the plaintiffs challenge the court's interpretation of the rules of practice and, in particular, the court's conclusion that the plaintiffs possessed the opportunity to petition this court for certification to appeal, the court's conclusions were proper.[10]

## II

The plaintiffs next claim that the court improperly rejected their claim that a new trial was warranted on the basis of the allegedly improper conduct of the defendants' counsel. We disagree.

In their petition for a new trial, the plaintiffs alleged that they were entitled to relief under General Statutes § 52-270, in part, because the defendants' counsel engaged in improper conduct. Specifically, the plaintiffs claim that in various memoranda filed during the underlying action, the defendants' counsel misstated what

---

[10] The plaintiffs also challenge the court's conclusion that the period of time in which to seek certification to appeal was not extended when they filed notice under Practice Book § 64-1. We need not address that aspect of the claim because, as we have discussed, the plaintiffs did not file a petition for certification to appeal.

they perceived to be the rule set forth in *Lauer* v. *Zoning Commission*, supra, 246 Conn. 251. The plaintiffs also claimed that the defendants' counsel misstated a material fact by asserting, in various legal arguments made during the underlying action, that Judge Lewis' memorandum of decision had, in fact, addressed all of the dispositive issues raised in the plaintiffs' zoning appeals. The plaintiffs argue in their appellants' brief that this conduct, which they classify as a violation of rule 3.3 of the Rules of Professional Conduct,[11] entitled them to a new trial.[12]

The court reviewed the claimed misstatements regarding *Lauer* as well as the statements concerning Judge Lewis' memorandum of decision. Having also reviewed those claimed misstatements, we agree with the court's conclusion that the statements made by the defendants' counsel were wholly appropriate. The claimed misstatements concerning *Lauer* take the form of an interpretation of *Lauer* that runs contrary to that of the plaintiffs.[13] Similarly, what the plaintiffs characterize as a factual misstatement concerning Judge Lewis' memorandum of decision is nothing more than

[11] The plaintiffs argue, specifically, that the conduct violated rule 3.3 (a) of the Rules of Professional Conduct, which provides in relevant part: "A lawyer shall not knowingly . . . (1) [m]ake a false statement of material fact or law to a tribunal . . . ."

[12] In their appellants' brief, the plaintiffs also claim that they were entitled to a new trial because the defendants' counsel also committed misconduct by stating, in the defendants' objection to the plaintiffs' motion for reconsideration of this court's dismissal of their direct appeal, that ample evidence supported the board's concern that, should the plaintiffs obtain the building permit that they desired, a likelihood existed that the plaintiffs would subsequently use other structures on their property illegally. The court did not address that claim in its memorandum of decision or in its October 30, 2001 articulation. We nonetheless conclude, with regard to that legal question, that the plaintiffs failed to sustain their burden of demonstrating that this isolated statement, which reflected a view of the evidence before the board, constituted a violation of the Rules of Professional Conduct. Consequently, it did not entitle the plaintiffs to a new trial.

[13] See footnote 7.

a view of Judge Lewis' memorandum of decision that runs contrary to that of the plaintiffs. The court aptly noted that the plaintiffs have done nothing more by way of those claims than to cast reasonable disagreements, which are not prohibited in our adversary process, as an ethical violation. Accordingly, the court properly determined that the plaintiffs were not entitled to a new trial on the basis of those claims of misconduct.

## III

Last, the plaintiffs claim that the court improperly rejected their assertion that a new trial was warranted on the basis of the allegedly improper conduct of Judge Lewis. We disagree.

The plaintiffs based their petition for a new trial in part on their claim that Judge Lewis had failed to issue a complete memorandum of decision, as required by our rules of practice. They claimed primarily that Judge Lewis overlooked several issues that were material to their zoning appeals and, as a consequence, "materially hindered the plaintiffs from drafting a petition for certification that would have had a very good chance [of being granted.]" In their appellants' brief, the plaintiffs posit that Judge Lewis was neither "impartial" nor "faithful to the law" because his memorandum of decision did not comply with Practice Book §§ 64-1 and 6-1. They further argue that the incomplete decision reflects violations of canons 2 (a) and 3 (a) (1) of the Code of Judicial Conduct.

The court rejected the plaintiffs' claim that this alleged judicial misconduct provided sufficient reasonable cause for a new trial. The court noted that the bases of the plaintiffs complaint were that Judge Lewis had "ruled against them and, further, that he did not write a memorandum of decision which comported with their version and view of what the legal issues were." The court stated that the "plaintiffs' view of the issues

[is] unnecessarily contorted and often incorrect. . . . Judge Lewis' decision carefully dealt with all the issues raised, and there is a conspicuous absence of any evidence to support the plaintiffs' lack of impartiality claim."

We conclude that the court properly rendered summary judgment in favor of the defendants with regard to the plaintiffs' claim. Having reviewed the record and the claims raised, we conclude that the court properly concluded, as a matter of law, that the plaintiffs had failed to substantiate, by means of proof or adequate analysis, their serious claims of judicial misconduct. Accordingly, the court properly determined that the plaintiffs were not entitled to a new trial on the basis of those claims.

The judgment is affirmed.

In this opinion the other judges concurred.