******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JAMES BAKER *v.* LISA WHITNUM-BAKER*

Superior Court, Judicial District of Stamford-Norwalk

File No. FA-12-4023288-S

Memorandum filed May 21, 2014

*Proceedings*

Memorandum of decision on defendant's motion to open dissolution judgment and petition for new trial. *Motion and petition denied.*

*George A. Reilly*, *Ross M. Kaufman* and *Jacquelyn Conlon*, for the plaintiff.

*Lisa Whitnum-Baker*, self-represented, the defendant.

*Opinion*

HELLER, J. The marriage of the plaintiff, James Baker, and the defendant, Lisa Whitnum-Baker, was dissolved on September 10, 2013 (*Munro, J.*). On October 30, 2013, while her appeal from the judgment of dissolution and seven other consolidated appeals were pending, the defendant filed a motion to open judgment and petition for a new trial (#240.01),[1] in which she sought to have the dissolution judgment opened and a new trial granted on the following grounds:

1. "A new trial date was set in violation of the [sic] Judge White's Order of August 12, 2013 for a September 21, 2013 trial date."

2. "The court refused to grant a continuance in favor of the defendant when this defendant's attorney terminated representation abruptly and discovery remained outstanding."

3. "The court refused to grant a continuance in favor of the defendant when this defendant was required to appear in a separate court on a criminal matter simultaneously."

4. "Financial information proffered was incorrect, fraudulent, and subpoenas of Wells Fargo employees, to prove the point, were not honored by the Hon. Linda [sic] Munro."

5. "The Hon. Linda [sic] Munro refused to depose Mr. Kaufman, Ms. Hanley, Ms. Jackson, and Mr. Haine, despite their being duly served with court-ordered subpoenas and their being in the building."

6. "New information not available at the time of trial emerged after the trial from defendant's former attorney, Andre Cayo, despite the fact that he attended the divorce *as a spectator!*"

7. "Four motions and the Amended Cross-Complaint were ruled without counsel present, and without argument, by default."

8. "PREJUDICE: This defendant-wife was required to physically provide the indifferent person who served her subpoenas in order to have her witnesses compelled. There is no rule in the Practice Book requiring this especially when subpoenas with raised sealed affidavits by a notary were provided. This behavior on the part of Hon. Lynda Munro was highly prejudicial and unorthodox."

9. "At the time of the hearing for Motion for Moving Expenses Judge Schofield said this would be settled at divorce trial. It was never discussed."

10. "The time lag between when Attorney Cayo stopped responding to defendant, the time when he submitted an email resignation and the time he filed the withdrawal contained large time gaps. This defendant

failed to detail that in the Request for Continuance."

An evidentiary hearing on the defendant's motion to open and petition for a new trial was held on January 21, 2014. The defendant testified under oath, and the court heard oral argument from the defendant, who represented herself, and counsel for the plaintiff. On March 31, 2014, the court permitted the defendant to supplement the evidence that she offered in support of her petition for a new trial with information that she obtained from the Judicial Branch website. The defendant said that the information related to the person who served her trial subpoenas. The court has also taken judicial notice of the record in the dissolution trial; the contents of the court file; relevant prior proceedings in this case; memoranda of decision and orders of the court in related matters; and the appellate history of this litigation.

Having carefully considered the relevant and credible evidence offered and the court records judicially noticed, the court denies the defendant's motion to open the judgment of dissolution and petition for a new trial for the reasons set forth below.

I

The plaintiff and the defendant were married on March 21, 2012. The plaintiff was approximately eighty-six years old and the defendant was approximately fifty-two years old at the time of the marriage. They resided together for approximately seven to ten days following the marriage. Seventy-seven days after the parties were married, the plaintiff commenced an action, returnable June 26, 2012, to dissolve his marriage to the defendant. The defendant filed an answer and cross complaint on October 23, 2012 (#122.00), and an amended cross complaint on February 20, 2013 (#130.00). The plaintiff answered the amended cross complaint on September 9, 2013 (#216.00).

On August 12, 2013, the parties were before the court (*White*, *J.*) with respect to motions on the family short calendar and related matters. Ruling on the defendant's motion for a change of venue for the trial of the dissolution case (#173.00), Judge White ordered that the dissolution trial would remain in Stamford, but it would be before a judge from a different judicial district. The court continued the August 23, 2013 trial date, stating: "We're going to move this matter to September the 22nd or thereabouts, subject to change."[2]

The dissolution trial was scheduled for September 9 and 10, 2013, before the Hon. Lynda Munro. The defendant filed three emergency motions for a continuance (#184.00; #185.00; #186.00). The court (*Munro*, *J.*) denied the motions on September 5, 2013.

The dissolution trial commenced on September 9, 2013. The defendant represented herself,[3] and she actively participated in the proceedings before the

lunch recess. The court denied the defendant's motion to disqualify counsel for the plaintiff (#192.00; #193.00) after hearing testimony from the plaintiff's son and inquiring of the plaintiff directly. The court advised the defendant that her remaining motions would be considered when she proceeded on her cross complaint.

The plaintiff testified as part of his direct case, and the defendant had an opportunity to cross-examine him. Counsel for the plaintiff also called the defendant as a witness. Following her testimony, the defendant responded with a narrative on her own behalf. After the plaintiff rested, the defendant called her former attorney to testify in support of her motions for a continuance and her cross complaint.

The defendant advised the court at the beginning of the proceedings on September 9, 2013, that she had to appear in the criminal court the following day. Judge Munro instructed the defendant to contact the clerk's office during the morning recess to request a continuance. When the court inquired of the defendant as to whether she had done so, the defendant responded, "No," and said, "I have bigger fish to fry than that."

The defendant said that she had served subpoenas on twenty witnesses, who had not appeared for the trial. She asked that the court issue capiases for the nonappearing witnesses. Judge Munro told the defendant that if she wanted capiases issued she would have to produce her process server following the lunch recess, so that the court could be satisfied that he was an "indifferent person," and that the witnesses had been properly served.

The defendant did not appear in court following the lunch recess. Judge Munro stated that a call had come into the clerk's office reporting that the defendant's car had broken down and she would not be returning to court that day. The court also indicated that the defendant had been advised that she needed to find alternative transportation to the courthouse. When the defendant did not appear by 3 p.m., the court adjourned the proceedings until 11:30 a.m. on September 10, 2013.

The trial resumed on September 10, 2013, at 11:35 a.m. The defendant did not appear. Judge Munro stated that the chief clerk of the Stamford court had arranged to have the defendant's court date in Bridgeport continued so that a competing court appearance had not delayed the defendant from appearing that morning. The court determined that the defendant had not availed herself of the opportunity to appear and present witnesses and evidence on her cross complaint, her two motions to dismiss, and her motion for contempt and faith based conciliation. After brief closing remarks from counsel for the plaintiff, the court denied the defendant's motions to dismiss and her motion for faith

based conciliation. The court dismissed the defendant's motion for contempt. The court denied the defendant's cross complaint and rendered judgment for the plaintiff on the cross complaint. With respect to the plaintiff's complaint, the court entered findings on the record, including that the marriage of the parties had broken down irretrievably, and ordered that the marriage be dissolved. The court did not order any alimony for the defendant.

Before the court concluded its decision on the record, Attorney Cayo advised that the defendant had called and she would be there in thirty minutes. Judge Munro addressed the remaining issue of sanctions and recessed until 12:34 p.m. When the proceedings resumed, the defendant was not present. The court noted her absence and announced that the court orders would stand. Court was then adjourned.

On September 27, 2013, the defendant appealed from the judgment of dissolution (AC 36132);[4] the denial of her motion to dismiss (#183.00) (AC 36131);[5] the denial of her motions for disqualification (#192.00; #193.00) (AC 36133);[6] and the denial of her motion to dismiss (#181.00) (AC 36134).[7] On September 30, 2013, the defendant appealed from the denial of her motion to reargue/reconsider (#220.00) (AC 36135);[8] the court's ruling on her amended cross complaint (#147.00) (AC 36136);[9] the court's order holding her in contempt (#219.00) (AC 36137);[10] and the court's ruling on her motion for contempt and request for faith based conciliation (#190.00) (AC 36138).[11] The Appellate Court acknowledged receipt of the defendant's eight consolidated appeals—AC 36131 to AC 36138—on November 1, 2013.

On November 19, 2013, the Appellate Court issued four orders dismissing consolidated appeals AC 36132 (appeal from the dissolution judgment), AC 36134 (appeal from the denial of the motion to dismiss), AC 36135 (appeal from the denial of the motion to reargue), and AC 36137 (appeal from the order holding the defendant in contempt). Each order stated that the appeal was dismissed for the defendant's failure to comply with an order of the court, dated November 8, 2013, that ordered the dismissal of the appeal unless the defendant filed the documents required by Practice Book § 63-4 and, if a transcript was ordered for the appeal, a court reporter's written acknowledgment of the transcript order, with an estimated delivery date, on or before November 18, 2013.

As noted above, the defendant filed the motion to open and petition for a new trial on October 30, 2013, while her eight consolidated appeals were pending. The evidentiary hearing on the defendant's motion to open and petition for a new trial took place on January 21, 2014, after her appeal from the dissolution judgment and three of the remaining seven appeals had been

dismissed. The court was advised by counsel for the plaintiff that the defendant's appeal from the dissolution judgment had been dismissed, but the defendant said that was not true.[12]

On February 11, 2014, the Appellate Court, after a hearing, dismissed the defendant's four remaining consolidated appeals—AC 36131, AC 36133, AC 36136, and AC 36138. These appeals were dismissed for lack of a final judgment because the defendant's appeal from the judgment of dissolution, AC 36132, was previously dismissed on November 19, 2013, and the four remaining consolidated appeals were not taken from appealable final judgments.

The defendant moved for reargument in the Appellate Court on February 20, 2014. She asked that her appeal of the dissolution judgment, AC 36132, as well as the four consolidated appeals that were dismissed on February 11, 2014, be reinstated. On March 6, 2014, the Appellate Court denied the defendant's motion to reargue (#258.00).

On March 19, 2014, the defendant filed a motion to open judgment in the Appellate Court, seeking to open the November 19, 2013 order dismissing AC 36132, her appeal from the judgment of dissolution (#260.00). The Appellate Court denied the defendant's motion to open judgment on April 16, 2014, because the motion was untimely and the defendant had failed to file her Practice Book § 63-4 documents specifically for AC 36132 (#261.00).

II

The defendant seeks to have the dissolution judgment opened pursuant to General Statutes § 52-212. Section 52-212 (a) provides that "[a]ny judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." General Statutes § 52-212 (a). The complaint or written motion to set aside the judgment "shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear." General Statutes § 52-212 (b).

Section 52-212 is not applicable here because the dissolution judgment was not entered upon a default. Although the defendant claims to have been divorced

"in abstention," the record is clear that she was present when the trial of this dissolution action began, and she actively participated in the proceedings while she was in the courtroom. The defendant represented herself, she questioned the plaintiff's son on her motion to disqualify, she cross-examined the plaintiff, she testified during the plaintiff's direct case, and she offered a narrative on her own behalf. She called her former attorney to testify on her direct case, in support of her motions for a continuance and her cross complaint. The defendant's motion to open the judgment pursuant to § 52-212 is, therefore, denied.

### III

The defendant has also petitioned for a new trial pursuant to General Statutes § 52-270. Section 52-270 (a) provides in pertinent part that "[t]he Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. . . ." General Statutes § 52-270 (a). Unlike a motion for a new trial, which is made within the confines of the original trial, a petition for a new trial is a separate proceeding, ancillary to the original trial.[13] Whether proceeding by motion for a new trial or by petition for a new trial, a party seeking a new trial must demonstrate a reasonable probability that a new trial will have a different result.

A petition for a new trial under § 52-270 "is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, 86 Conn. App. 147, 152, 860 A.2d 764 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1080 (2005). "Although General Statutes § 52-270 permits the court to grant a new trial upon proof of reasonable cause, the circumstances in which reasonable cause may be found are limited. . . . The basic test of reasonable cause is whether a litigant, *despite the exercise of due diligence*, has been deprived of a fair opportunity to have a case heard on appeal." (Citation omitted; emphasis original; internal quotation marks omitted.) *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 723, 757 A.2d 1215 (2000). "A petition will never be granted except upon substantial grounds." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, supra, 152.

"A new trial may be granted to prevent injustice in

cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." (Internal quotation marks omitted.) *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, 72 Conn. App. 692, 698, 807 A.2d 480, cert. denied, 262 Conn. 914, 811 A.2d 1291 (2002). A petition for a new trial "does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, supra, 86 Conn. App. 152.

Nearly all of the grounds that the defendant asserts in support of her petition for a new trial relate either to the court's denial of her motions for a continuance or the court's requiring that she produce her process server to demonstrate that her trial subpoenas were properly served before the court would consider issuing capiases for nonappearing witnesses. The rulings that were not the subject of separate appeals by the defendant to the Appellate Court were rulings that were— or certainly could have been—addressed in the defendant's September 29, 2013 appeal of the judgment of dissolution. If the defendant had properly perfected her eight consolidated appeals, she would have been afforded appellate review of all of the rulings that she now seeks to challenge in her petition for a new trial. The defendant's own failure to comply with the rules and orders of the Appellate Court does not give rise to a finding of "reasonable cause" for a new trial under § 52-270. See, e.g., *Fitzpatrick* v. *Hall-Brooke Foundation, Inc.*, supra, 72 Conn. App. 699–700 (party who has usual remedy of appeal, but who fails to comply with rules of appellate procedure, will not be granted new trial under § 52-270); see also *Murphy* v. *Zoning Board of Appeals*, supra, 86 Conn. App. 153 (plaintiffs' mistaken interpretation of appellate rules, which led to failure to file petition for certification to appeal, did not entitle them to new trial for "reasonable cause" under § 52-270).

The defendant's status as a self-represented litigant has no bearing on the court's analysis. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, supra, 86 Conn. App. 157 n.7. Like any other litigant, the defendant was required to comply with the appellate rules and the express orders of the Appellate Court in order to obtain appellate review of the dissolution judgment and the related

court orders. Her failure to do so does not entitle her to a new trial under § 52-270.

## IV

The defendant also seeks a new trial pursuant to § 52-270 on the grounds of newly discovered evidence. Our Supreme Court set forth the criteria for evaluating a petition for a new trial based upon newly discovered evidence in *Asherman* v. *State*, 202 Conn. 429, 434, 521 A.2d 578 (1987). "Under the *Asherman* standard, a court is justified in granting a petition for a new trial when the petitioner demonstrates that the evidence offered in support thereof: (1) is newly discovered such that it could not have been discovered previously despite the exercise of due diligence; (2) would be material to the issues on a new trial; (3) is not cumulative; and (4) is likely to produce a different result in the event of a new trial." *Juma* v. *Aomo*, Superior Court, judicial district of Hartford, Docket No. FA-09-4046839-S (January 24, 2012) (*Olear*, *J.*). In addition to considering these specific criteria, "a court's decision on the petition should be guided by the more general principle that a new trial will be warranted on the basis of newly discovered evidence only where an injustice was done and whether it is probable that on a new trial a different result would be reached." (Internal quotation marks omitted.) *Shabazz* v. *State*, 259 Conn. 811, 821, 792 A.2d 797 (2002). "This strict standard is meant to effectuate the underlying equitable principle that once a judgment is rendered it is to be considered final, and should not be disturbed by posttrial motions except for a compelling reason." *Asherman* v. *State*, supra, 434.

The defendant claims that the information regarding her former attorney's service of a trial subpoena on Wells Fargo Bank is newly discovered evidence upon which a new trial should be granted. She makes the same argument with respect to the information concerning various litigation matters involving her process server. The court does not agree. Even if the information offered were presumed to be "evidence," the information was either already known or could have readily been discovered through due diligence in advance of the trial. The defendant's former attorney, who was counsel of record until his motion to withdraw was granted during the trial, knew whether or not he had served a trial subpoena on Wells Fargo Bank. The litigation matters involving the defendant's process server were listed on the Judicial Branch's public website and available to anyone who conducted a "party name" search. This "evidence," such as it is, could have been discovered before the dissolution trial began, and it does not warrant a new trial under § 52-270.

## V

The court finds no reason in equity or good conscience to support the defendant's petition for a new

trial. As our Appellate Court observed in *Murphy*, "[i]n considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, supra, 86 Conn. App. 152. The time has come for this dissolution action to end.

ACCORDINGLY, for the reasons set forth above, the court denies the defendant's motion to open the dissolution judgment and her petition for a new trial.

* Affirmed. *Baker* v. *Whitnum-Baker*, 161 Conn. App. 227,      A.3d (2015).

[1] The defendant's pleading was styled, "Defendant's Motion to Open/Petition for New Trial" (#240.01).

[2] Transcript dated August 12, 2013. Judge White did not order that the trial take place on September 21, 2013.

[3] The defendant said that she did not want or need her attorney, Andre Cayo, Esq., to represent her. Judge Munro asked Attorney Cayo to remain in the courtroom and act as standby counsel. The defendant later asked that Attorney Cayo leave, and the court granted his motion to withdraw (#180.01).

[4] The appeal was entered in the Superior Court file as #226.00 and #237.00. It was docketed in the Appellate Court as AC 36132.

[5] This appeal was entered in the Superior Court file as #225.00 and #236.00. It was docketed in the Appellate Court as AC 36131.

[6] This appeal was entered in the Superior Court file as #227.00. The appeal of the court's ruling on #192.00 was also entered in the court file as #235.00. The appeal was docketed in the Appellate Court as AC 36133.

[7] This appeal was entered in the Superior Court file as #229.00 and #234.00. The appeal was docketed in the Appellate Court as AC 36134.

[8] This appeal was entered in the Superior Court file as #230.00. The appeal was docketed in the Appellate Court as AC 36135.

[9] This appeal was entered in the Superior Court file as #231.00. The appeal was docketed in the Appellate Court as AC 36136.

[10] This appeal was entered in the Superior Court file as #232.00. The appeal was docketed in the Appellate Court as AC 36137.

[11] This appeal was entered in the Superior Court file as #228.00 and #233.00. The appeal was docketed in the Appellate Court as AC 36138.

[12] As noted above, the court permitted the defendant to supplement the record from the January 21, 2014 evidentiary hearing with information relating to her process server from the Judicial Branch website on March 31, 2014.

[13] A motion for a new trial must be brought within ten days of the verdict (in a jury trial) or the judgment (in a court trial). Practice Book §§ 16-35 and 17-4A. A petition for a new trial must be brought within three years of the judgment. General Statutes § 52-582.