## MARK E. CHRISTENSEN ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF AVON ET AL.
### (AC 23931)

Dranginis, West and Dupont, Js.

Considered April 9—officially released July 29, 2003

*Robert J. Reeve*, in support of the motion.

*Mark S. Shipman* and *Steven S. Sosensky*, in opposition.

*Opinion*

DUPONT, J. The plaintiffs' appeal raises the question of whether, in a zoning case, a party must petition for

certification to appeal under General Statutes § 8-8 (o)[1] where the trial court order from which the party seeks to appeal does not reach the merits of the zoning board's decision. We conclude that a petition for certification is required in such cases. Consequently, we dismiss the plaintiffs' appeal.

On September 19, 2002, the defendant zoning board of appeals of the town of Avon (zoning board) granted a variance to the defendants Audrey V. Thompson and Wheeler Service Corporation, thereby permitting the subject property to be divided into two lots without meeting the town's density requirements. Thereafter, the plaintiffs, Mark E. Christensen, Mary D. Christensen and Dorothy B. Christensen, all of whom are adjacent property owners, appealed from the zoning board's decision to the Superior Court pursuant to § 8-8. The plaintiffs commenced the appeal process by serving a civil summons, a separate citation and the appeal on the defendants on October 4, 2002. The summons, citation and appeal all designated the New Britain Superior Court as the court to which the appeal was returnable and October 29, 2002, as the return date. Apparently, however, there was some confusion at the clerk's office in New Britain, and the plaintiffs ultimately returned the appeal papers to the Hartford Superior Court on October 25, 2002, less than six days prior to the specified return date in violation of General Statutes § 52-46a.[2]

---

[1] General Statutes § 8-8 is entitled "Appeal from board to court. Mediation. Review by Appellate Court." It provides in subsection (o) in relevant part: "There shall be no right to further review except to the Appellate Court by certification for review, on the vote of two judges of the Appellate Court so to certify and under such other rules as the judges of the Appellate Court establish. . . ."

[2] General Statutes § 52-46a provides: "Process in civil actions returnable to the Supreme Court shall be returned to its clerk at least twenty days before the return day and, if returnable to the Superior Court, except process in summary process actions and petitions for paternity and support, to the clerk of such court at least six days before the return day."

The plaintiffs attempted to cure the defects in the appeal by filing a "notice of amendment as of right to the appeal and complaint," (notice) stating that they were amending the return date to November 12, 2002, and the designation of the judicial district and court address to the "Judicial District of Hartford at Hartford" and "95 Washington Street, Hartford, CT 06106," respectively. Attached to the notice was a copy of the amended appeal, along with a civil summons form and the original complaint, reflecting the stated changes. The plaintiffs, however, did not amend the separate citation, nor did they serve the amended documents by a proper or indifferent person in hand or at the defendants' abode[3] in accordance with General Statutes §§ 52-72, 52-54, 52-57 and 8-8 (f).[4] The defendants Wheeler Service Corpo-

[3] The plaintiffs did, however, serve the amendment on the plaintiffs by mail.

[4] General Statutes § 52-72 provides in relevant part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . . .

"(b) Such amended process shall be served in the same manner as other civil process . . . ."

General Statutes § 52-54 provides: "The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left."

General Statutes § 52-57 (a) provides in relevant part: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. . . ."

General Statutes § 8-8 (f) provides: "Service of legal process for an appeal [in a zoning case] shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

ration and Thompson filed a motion to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction.

On January 28, 2003, the court dismissed the plaintiffs' appeal. The court reasoned that because the plaintiffs' amended documents were not served in accordance with §§ 52-54 and 52-57, the amendment was of no effect. Consequently, the court found that because the original appeal was returned to the clerk of the Superior Court less than six days prior to the October 29, 2002 return date, in violation of § 52-46a, the court lacked subject matter jurisdiction to hear the case. The court, therefore, dismissed the plaintiffs' appeal.

On February 14, 2003, the plaintiffs filed a direct appeal to this court from the trial court's judgment of dismissal. Subsequently, on March 3, 2003, the defendants Thompson and Wheeler Service Corporation filed a motion to dismiss the plaintiffs' appeal, arguing that this court lacks jurisdiction over the appeal because the plaintiffs failed to file a petition for certification, as required by § 8-8 (o). The plaintiffs oppose the motion to dismiss, claiming that the certification requirement of § 8-8 (o) applies only after there has been a trial court ruling on the merits of the appeal from the zoning board's decision. The plaintiffs contend that because the court did not reach the merits of the appeal from the zoning board's decision in this case and because they are simply seeking review of the court's procedural ruling concerning their service of process, this appeal is controlled by General Statutes § 51-197b, which permits direct appeals to this court.[5]

---

[5] General Statutes § 51-197b provides in relevant part: "(a) Except as provided in section 31-301b, all appeals that may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the Superior Court. . . .

"(d) Except as provided in sections 8-8, 8-9 and 22a-43, there shall be a right to further review to the Appellate Court . . . ."

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Konover* v. *West Hartford*, 242 Conn. 727, 740–41, 699 A.2d 158 (1997), quoting *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). The plaintiffs argue that the applicable statute in this case is § 51-197b (d), which, they claim, provides a right of direct appeal to the Appellate Court from a decision made in the first instance by the Superior Court.

Generally, judicial review of the decision of an administrative agency is governed by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. According to the UAPA, a party may file a direct appeal of a final decision of an administrative agency to the Superior Court. General Statutes § 4-183 (a).[6] Thereafter, under the UAPA, a party seeking to appeal from the Superior Court's decision may also file a direct appeal from the judgment of the Superior Court to the Appellate Court. General Statutes §§ 4-184[7] and 51-197b (d).[8] "Judicial review of the actions and decisions of a zoning commission, however, is governed by General Statutes §§ 8-9 and 8-8 rather than by the appeals provi-

---

[6] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[7] General Statutes § 4-184 provides: "An aggrieved party may obtain a review of any final judgment of the Superior Court under this chapter. The appeal shall be taken in accordance with section 51-197b."

[8] General Statutes § 51-197b (d) provides in relevant part: "Except as provided in sections 8-8, 8-9 and 22a-43, there shall be a right to further review to the Appellate Court . . . ."

sions of the UAPA." *Ensign-Bickford Realty Corp.* v. *Zoning Commission*, 245 Conn. 257, 263, 715 A.2d 701 (1998), citing *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 129, 653 A.2d 798 (1995).

Significantly, the plaintiffs in the present case appealed to the Superior Court from the decision of the zoning board pursuant to § 8-8 (b),[9] as opposed to § 4-183 (a). Yet, despite the plaintiffs' utilization of the statutory scheme governing zoning cases when filing their appeal to the Superior Court, the plaintiffs now claim that they should be allowed to proceed with a direct appeal to the Appellate Court under § 51-197b instead of following the appeal procedure set out in § 8-8 (o) for zoning cases. We disagree.

Before proceeding any further, we note that our Supreme Court has recently addressed the process by which we are to interpret statutes. *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562 (2003) (en banc); see also *Bhinder* v. *Sun Co.*, 263 Conn. 358, 819 A.2d 822 (2003). In *Courchesne*, the Supreme Court held that it is our responsibility "to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we [must] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Courchesne*, supra, 577, quoting *Bender* v. *Bender*, 258 Conn. 733, 741, 785 A.2d 197 (2001). "In performing this task, we begin with

[9] General Statutes § 8-8 (b) provides in relevant part that "any person aggrieved by any decision of a [zoning] board . . . may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

a searching examination of the language of the statute, because that is the most important factor to be considered." *State* v. *Courchesne,* supra, 577.

General Statutes § 8-9 provides that "[a]ppeals from zoning commissions and planning and zoning commissions may be taken to the Superior Court and, upon certification for review, to the Appellate Court in the manner provided in section 8-8." General Statutes § 8-8 (o) provides in relevant part that "[t]here shall be no right to further review except to the Appellate Court by certification for review. . . ." The plaintiffs contend that the inclusion of the word "further" in § 8-8 (o) implies that the Superior Court must have reviewed the zoning board's decision on the merits for that subsection to apply.

Certification to appeal to the Appellate Court, like that to the Supreme Court, is considered to be "extraordinary relief." See Practice Book § 81-2. Certification in zoning cases is generally granted only where (1) a new question of law or of public importance is involved, (2) the trial court's decision is in conflict with Appellate Court or Supreme Court precedent or (3) there is such a departure from the usual course of judicial proceedings that it requires the exercise of the Appellate Court's supervision. See Practice Book § 81-2.

The plaintiffs, in seeking to file a direct appeal from the trial court's order of dismissal, are attempting to elevate judgments concerning the court's jurisdiction above those issued on the merits of a zoning board's decision. Although questions concerning the court's jurisdiction are of great importance, their significance cannot be used to evade the certification process. See *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987), aff'd, 206 Conn. 374, 538 A.2d 202 (1988).

The language of § 8-8 (o) parallels that found in § 51-197f, which governs review of Appellate Court decisions by the Supreme Court. General Statutes § 51-197f provides in relevant part that "[u]pon final determination of any appeal by the Appellate Court, *there shall be no right to further review* except the Supreme Court shall have the power to certify cases for its review upon petition by an aggrieved party. . . ." (Emphasis added.) The Supreme Court has never interpreted the language of § 51-197f, however, to mean that a petition for certification to the Supreme Court must be filed only in cases in which the Appellate Court has reviewed a trial court's decision on its merits. See *Webster Bank* v. *Zak*, 259 Conn. 766, 792 A.2d 66 (2002) (reviewing Appellate Court's remand for factual findings regarding standing); *Board of Education* v. *Naugatuck*, 257 Conn. 409, 778 A.2d 862 (2001) (reviewing Appellate Court dismissal of appeal on grounds of mootness); *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 740 A.2d 796 (1999) (reviewing Appellate Court dismissal of appeal for lack of final judgment). It would, therefore, be inconsistent for this court to interpret § 8-8 (o) as requiring that a petition for certification be filed only when the trial court has reviewed the zoning board decision on its merits.

The plaintiffs also ignore the basic provision found in § 8-8 (j), which squarely addresses the issue raised by the defendants' motion to dismiss. Under § 8-8 (j), "[a]ny defendant may [in a zoning case], at any time after the return date of the appeal [to the Superior Court], make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving standing. The [trial] court may, on the record, grant or deny the motion. The court's order on the motion may be appealed *in the manner provided in subsection (o) of this section*." (Emphasis added.)

Pursuant to § 8-8 (j), if the Superior Court dismisses an appeal without reaching the merits of the issues challenging the zoning board's decision, the judgment of dismissal must be appealed under § 8-8 (o), which subsection requires that the party seeking to appeal first petition the Appellate Court for certification. The legislative history of § 8-8 (j) indicates that the reason for its enactment was to eliminate congestion in the trial courts by weeding out appeals that were taken for the sole purpose of causing delay and which would ultimately prove to be unsuccessful. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1984 Sess., p. 608. Although the legislative history is silent with respect to why the legislature required a judgment of dismissal on jurisdictional grounds to be subject to the certification process, the requirement is nevertheless clearly set forth in § 8-8 (j). We therefore conclude that pursuant to § 8-8 (j), the plaintiffs should have filed a petition for certification to appeal from the trial court's judgment of dismissal.

The motion filed by the defendants Audrey V. Thompson and Wheeler Service Corporation to dismiss the plaintiffs' appeal is granted, and the appeal to this court is dismissed.

In this opinion the other judges concurred.