******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JAMES BAKER *v.* LISA WHITNUM-BAKER*

Superior Court, Judicial District of Stamford-Norwalk

File No. FA-12-023288-S

*Memorandum filed May 23, 2014*

*Proceedings*

Memorandum of decision on defendant's motions to open default judgment. *Motions denied.*

*George A. Reilly, Ross M. Kaufman* and *Jacquelyn Conlon*, for the plaintiff.

*Lisa Whitnum-Baker*, self-represented, the defendant.

*Opinion*

HELLER, J. The marriage of the plaintiff, James Baker, and the defendant, Lisa Whitnum-Baker, was dissolved on September 10, 2013 (*Munro, J.*). On January 8, 2014, after her appeal from the judgment of dissolution and three other consolidated appeals had been dismissed, but while the defendant's motion to open judgment and petition for a new trial (#240.01) and four other consolidated appeals were still pending, the defendant filed a motion styled, "motion to open default judgment," with a supporting affidavit (#249.00). On January 10, 2014, the defendant filed another motion to open (#250.00) that was substantially identical to the previous motion, but without a supporting affidavit. The defendant seeks in both motions to have the court's decisions on her pendente lite motion to dismiss (#181.00) and her pendente lite motion for contempt and request for religious based conciliation (#190.00) opened because she claims they were improperly entered on default.

The court heard oral argument from the defendant, who represented herself, on February 24, 2014. The court has also taken judicial notice of the record in the dissolution trial; the contents of the court file; relevant prior proceedings in this case; memoranda of decision and orders of the court in related matters; and the appellate history of this litigation.

Having carefully considered the relevant and credible evidence offered and the court records judicially noticed, the court denies the defendant's motions to open default judgment for the reasons set forth below.

I

The plaintiff and the defendant were married on March 21, 2012. The plaintiff was approximately eighty-six years old and the defendant was approximately fifty-two years old at the time of the marriage. They resided together for approximately seven to ten days following the marriage. Seventy-seven days after the parties were married, the plaintiff commenced an action, returnable June 26, 2012, to dissolve his marriage to the defendant. The defendant filed an answer and cross complaint on October 23, 2012 (#122.00), and an amended cross complaint on February 20, 2013 (#130.00). The plaintiff answered the amended cross complaint on September 9, 2013 (#216.00).

The dissolution trial was scheduled for September 9 and 10, 2013, before the Hon. Lynda Munro. The defendant filed three emergency motions for a continuance (#184.00; #185.00; #186.00). The court (*Munro, J.*) denied the motions on September 5, 2013.

The dissolution trial commenced on September 9, 2013. The defendant represented herself,[1] and she actively participated in the proceedings before the

lunch recess. The court denied the defendant's motion to disqualify counsel for the plaintiff (#192.00; #193.00) after hearing testimony from the plaintiff's son and inquiring of the plaintiff directly. The court advised the defendant that her remaining motions would be considered when she proceeded on her cross complaint.

The plaintiff testified as part of his direct case, and the defendant had an opportunity to cross-examine him. Counsel for the plaintiff also called the defendant as a witness. Following her testimony, the defendant responded with a narrative on her own behalf. After the plaintiff rested, the defendant called her former attorney to testify in support of her motions for a continuance and her cross complaint.

The defendant advised the court at the beginning of the proceedings on September 9, 2013, that she had to appear in the criminal court the following day. Judge Munro instructed the defendant to contact the clerk's office during the morning recess to request a continuance. When the court inquired of the defendant as to whether she had done so, the defendant responded, "No," and said, "I have bigger fish to fry than that."

The defendant said that she had served subpoenas on twenty witnesses, who had not appeared for the trial. She asked that the court issue capiases for the nonappearing witnesses. Judge Munro told the defendant that if she wanted capiases issued she would have to produce her process server following the lunch recess, so that the court could be satisfied that he was an "indifferent person," and that the witnesses had been properly served.

The defendant did not appear in court following the lunch recess. Judge Munro stated that a call had come into the clerk's office reporting that the defendant's car had broken down and she would not be returning to court that day. The court also indicated that the defendant had been advised that she needed to find another means of transportation to the courthouse. When the defendant did not appear by 3 p.m., the court adjourned the proceedings until 11:30 a.m. on September 10, 2013.

The trial resumed on September 10, 2013, at 11:35 a.m. The defendant did not appear. Judge Munro stated that the Chief Clerk of the Stamford court had arranged to have the defendant's court date in Bridgeport continued so that a competing court appearance had not delayed the defendant from appearing that morning. The court determined that the defendant had not availed herself of the opportunity to appear and present witnesses and evidence on her cross complaint, her two motions to dismiss, and her motion for contempt and request for religious based conciliation. After brief closing remarks from counsel for the plaintiff, the court denied the defendant's motion to dismiss (#181.00;

#183.00) and her request for religious based conciliation (#190.00). The court dismissed the defendant's motion for contempt (#190.00). The court denied the defendant's cross complaint and rendered judgment for the plaintiff on the cross complaint. With respect to the plaintiff's complaint, the court entered findings on the record, including that the marriage of the parties had broken down irretrievably, and ordered that the marriage be dissolved. The court did not order any alimony for the defendant.

Before the court concluded its decision on the record, Attorney Cayo advised that the defendant had called and she would be there in thirty minutes. Judge Munro addressed the remaining issue of sanctions and recessed until 12:34 p.m. When the proceedings resumed, the defendant was not present. The court noted her absence and announced that the court orders would stand. Court was then adjourned.

On September 27, 2013, the defendant appealed from the judgment of dissolution (AC 36132);[2] the denial of her motion to dismiss (#183.00) (AC 36131);[3] the denial of her motions for disqualification (#192.00; #193.00) (AC 36133);[4] and the denial of her motion to dismiss (#181.00) (AC 36134).[5] On September 30, 2013, the defendant appealed from the denial of her motion to reargue/reconsider (#220.00) (AC 36135);[6] the court's ruling on her amended cross complaint (#147.00) (AC 36136);[7] the court's order holding her in contempt (#219.00) (AC 36137);[8] and the court's ruling on her motion for contempt and request for religious based conciliation (#190.00) (AC 36138).[9] The Appellate Court acknowledged receipt of the defendant's eight consolidated appeals—AC 36131 to AC 36138—on November 1, 2013.

On November 19, 2013, the Appellate Court issued four orders dismissing consolidated appeals AC 36132 (appeal from the dissolution judgment), AC 36134 (appeal from the denial of the motion to dismiss), AC 36135 (appeal from the denial of the motion to reargue), and AC 36137 (appeal from the order holding the defendant in contempt). Each order stated that the appeal was dismissed for the defendant's failure to comply with an order of the court, dated November 8, 2013, that ordered the dismissal of the appeal unless the defendant filed the documents required by Practice Book § 63-4 and, if a transcript was ordered for the appeal, a court reporter's written acknowledgment of the transcript order, with an estimated delivery date, on or before November 18, 2013.

The defendant filed a motion to open and petition for a new trial (#240.01) on October 30, 2013, while her eight consolidated appeals were pending. The evidentiary hearing on the defendant's motion to open and petition for a new trial took place on January 21, 2014, after her appeal from the dissolution judgment and

three of the remaining seven appeals had been dismissed. The court permitted the defendant to supplement the record from the January 21, 2014 evidentiary hearing on March 31, 2014.

On February 11, 2014, the Appellate Court, after a hearing, dismissed the defendant's four remaining consolidated appeals—AC 36131, AC 36133, AC 36136, and AC 36138. These appeals were dismissed for lack of a final judgment because the defendant's appeal from the judgment of dissolution, AC 36132, was previously dismissed on November 19, 2013, and the four remaining consolidated appeals were not taken from appealable final judgments.

The defendant moved for reargument in the Appellate Court on February 20, 2014. She asked that her appeal of the dissolution judgment, AC 36132, as well as the four consolidated appeals that were dismissed on February 11, 2014, be reinstated. On March 6, 2014, the Appellate Court denied the defendant's motion to reargue (#258.00).

On March 19, 2014, the defendant filed a motion to open judgment in the Appellate Court, seeking to open the November 19, 2013 order dismissing AC 36132, her appeal from the judgment of dissolution (#260.00). The Appellate Court denied the defendant's motion to open judgment on April 16, 2014 because the motion was untimely and the defendant had failed to file her Practice Book § 63-4 documents specifically for AC 36132 (#261.00).

The court (*Heller, J.*) denied the defendant's motion to open and petition for a new trial (#240.01) on May 21, 2014 (#265.00).

## II

The defendant seeks to have the court's rulings on her motion to dismiss and her motion for contempt and request for religious based conciliation opened under Practice Book §§ 17-33 and 17-43. The provisions of Practice Book § 17-43 are applicable to family matters pursuant to Practice Book § 25-38.[10] Practice Book § 17-43 (a) provides in pertinent part that "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ." Practice Book § 17-43 (a).[11]

Practice Book § 17-43 provides for opening "[a]ny

judgment rendered or decree passed upon a default or nonsuit"—it is not a means by which a party can assert a postjudgment challenge to a court's ruling on a pendente lite motion in a dissolution proceeding. Once a final judgment of dissolution has been entered, a pendente lite order ceases to exist. *Sweeney* v. *Sweeney*, 271 Conn. 193, 202, 856 A.2d 997 (2004). "Pendente lite orders necessarily cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time." *Connolly* v. *Connolly*, 191 Conn. 468, 480, 464 A.2d 837 (1983). The court's denial of the defendant's motion to dismiss and her motion for contempt and request for religious based conciliation was superseded by the final judgment of dissolution of the parties' marriage.

In addition, even if Practice Book § 17-43 applied to rulings on pendente lite motions, it would be inapplicable here because the court did not decide the defendant's motions upon her default. Although the defendant claims to have been sent on a "wild goose chase,"[12] the record is clear that she was present when the trial of this dissolution action began, and she actively participated in the proceedings while she was in the courtroom. The defendant represented herself, she questioned the plaintiff's son on her motion to disqualify, she cross-examined the plaintiff, she testified during the plaintiff's direct case, and she offered a narrative on her own behalf. She called her former attorney to testify on her direct case, in support of her motions for a continuance and her cross complaint. The defendant did not return to court on the afternoon of September 9, 2013, despite being instructed to do so. In addition, the defendant was not prevented by "mistake, accident or other reasonable cause" from appearing on September 10, 2013. Her failure to appear on September 10, 2013, was due in large measure to her refusal to call the criminal court and request a continuance as the court (*Munro*, *J.*) had directed.

The court's rulings on the defendant's motion to dismiss and motion for contempt and request for religious based conciliation were the subject of separate appeals by the defendant to the Appellate Court[13] and they were—or certainly could have been—addressed in the defendant's September 29, 2013 appeal of the judgment of dissolution. If the defendant had properly perfected her appeal, she would have been afforded appellate review of the court's denial of her motion to dismiss and motion for contempt and request for religious based conciliation. Her failure to comply with the rules and orders of the Appellate Court does not give rise to a finding of "mistake, accident or other reasonable cause" that would warrant opening the dissolution judgment under Practice Book § 17-43 to revisit these pendente lite rulings.[14]

ACCORDINGLY, for the reasons set forth above, the

court denies the defendant's motions to open default judgment (#249.00; #250.00).

* Affirmed. *Baker* v. *Whitnum-Baker*, 161 Conn. App. 227,        A.3d (2015).

[1] The defendant said that she did not want or need her attorney, Andre Cayo, Esq., to represent her. Judge Munro asked Attorney Cayo to remain in the courtroom and act as standby counsel. The defendant later asked that Attorney Cayo leave, and the court granted his motion to withdraw (#180.01).

[2] The appeal was entered in the Superior Court file as #226.00 and #237.00. It was docketed in the Appellate Court as AC 36132.

[3] This appeal was entered in the Superior Court file as #225.00 and #236.00. It was docketed in the Appellate Court as AC 36131.

[4] This appeal was entered in the Superior Court file as #227.00. The appeal of the court's ruling on #192.00 was also entered in the court file as #235.00. The appeal was docketed in the Appellate Court as AC 36133.

[5] This appeal was entered in the Superior Court file as #229.00 and #234.00. The appeal was docketed in the Appellate Court as AC 36134.

[6] This appeal was entered in the Superior Court file as #230.00. The appeal was docketed in the Appellate Court as AC 36135.

[7] This appeal was entered in the Superior Court file as #231.00. The appeal was docketed in the Appellate Court as AC 36136.

[8] This appeal was entered in the Superior Court file as #232.00. The appeal was docketed in the Appellate Court as AC 36137.

[9] This appeal was entered in the Superior Court file as #228.00 and #233.00. The appeal was docketed in the Appellate Court as AC 36138.

[10] Practice Book § 17-33 is not applicable to family matters, as defined.

[11] Practice Book § 17-43 mirrors the language of General Statutes § 52-212, which provides for opening a judgment rendered upon a nonsuit or default. The court (*Heller, J.*) denied the defendant's motion to open the judgment of dissolution on May 21, 2014 (#265.00).

[12] Affidavit of the defendant dated January 8, 2014 (#249.00).

[13] The defendant appealed the denial of her motion to dismiss (docketed at AC 36134) on September 27, 2013. She appealed from the denial of her motion for contempt and request for religious based conciliation (docketed at AC 36138) on September 30, 2013.

[14] The defendant's status as a self-represented litigant has no bearing on the court's analysis. "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, 86 Conn. App. 147, 157 n.7, 860 A.2d 764 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1080 (2005).